LACKEY *v.* COFFIN and Another.

The R. S. 1852 did not take effect until *May* 6, 1853.

Declaration in assumpsit containing two counts. Judgment by default, entire damages assessed by a jury, and final judgment accordingly. It having been objected, in the first instance, in the Supreme Court, that one of the counts was bad, *held,* that the objection was made too late.

APPEAL from the *Wayne* Court of Common Pleas.

DAVISON, J.— *Coffin* and *Davis,* on the 3d of *December,* 1852, sued *Lackey,* in assumpsit, in the *Wayne* Common Pleas. The declaration contains two counts. The first alleges, that the plaintiffs, on the 5th of *July,* 1847, bought of *Lackey,* the defendant below, a lot of ground in *Cambridge. City* (describing it) for 200 dollars, then paid by them to him; that, at the time of the sale and the receipt of said money, he gave the plaintiffs an order in writing on the *White Water Valley Canal Company* for a deed for said lot, he, the said defendant, then and there falsely representing to the plaintiffs that he had paid the company for the lot, and was entitled to a general warranty deed for the same, and that said company would at once make such deed to them. Averment, that the defendant had not paid for said lot, and was not entitled to a deed for the same, nor would the said company make any deed whatever on the above order, although they were afterwards,

to-wit, on the 1st of *July*, 1852, specially requested to do so; wherefore the defendant became indebted, &c.

The second count is for goods sold and delivered, for money paid, and for work and labor.

At the *January* term of said Court, in the year 1853, the defendant was called and defaulted. Thereupon a jury was impanneled to assess the plaintiff's damages, who returned a verdict in his favor for 220 dollars, upon which the Court rendered judgment. For the reversal of this judgment, the appellants assume the following grounds:

1. The instrument sued on is not set out, nor the original nor a copy thereof filed.

2. The Court can not know from the record that the contract sued on is binding upon the appellant, it being an interest in lands.

3. If the contract sued on is binding, it being an order on a third party to convey land, the appellant was entitled to notice upon refusal.

4. The appellee has shown no diligence in urging his remedy upon the order, or in giving notice to the appellants of the refusal.

5. The party upon whom the order was drawn, should have been a party to this suit.

6. The non-appearance and default of the appellant would not authorize the Court to take the allegations of the complaint as true.

7. It can not be ascertained from the record for what the judgment is rendered.

To sustain the first and fifth grounds of objection, the appellant relies on sections 78 and 791, 2 R. S., pp. 44, 213. We have decided that the revision of 1852, which contains these provisions, was not in force until the 6th of *May*, 1853. *Jones* v. *Cavins*, 4 Ind. R. 305. This judgment was rendered prior to that date; hence, the above sections are not applicable to the present case.

In the declaration before us, there are two counts, each of which contains a distinct cause of action. 3 Ind. R. 548. No objection has been raised to the second count. Indeed, it is unobjectionable. The inquiry then arises,

whether that count is sufficient, in this Court, to sustain the judgment? If it is, none of the above grounds are tenable, because they all relate to the first count. At common law, a judgment rendered by default upon a declaration containing two counts, one of which is defective, was reversible; but in this state there seems to be a different rule of decision. In *Wickham* v. *Baker*, 4 Blackf. 517, the declaration contained two counts. There was a judgment by default, and entire damages assessed by a jury. It was assigned for error that one of the counts was bad. Held, that the objection being made, in the first instance, in the Supreme Court, came too late. This decision appears to have been founded on a statute of 1838, which provided that "when there are several counts, one of which is faulty, and entire damages are given, the verdict shall be good; but the defendant may apply to the Court to instruct the jury to disregard such faulty count." A provision in effect the same as the one just quoted, is found in the revision of 1843, and was in force when the present suit was tried. R. S. 1843, p. 732. There is, however, on this subject, another authority directly in point. *Swearingen* v. *The Bank of Mount Pleasant*, 13 Ohio R. 200, decides, that a judgment by default entered upon a declaration containing some bad and some good counts, will not be reversed on error. As all the appellant's objections apply to the first count, and as there is one count unexceptionable upon which the judgment can rest, we think it should be affirmed.

*Per Curiam.*— The judgment is affirmed, with 5 per cent. damages and costs.

*J. Rariden*, for the appellant.

*J. B. Julian*, for the appellees.